# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-14285-BLOOM

RONALD ROBERT GARCIA,

    Plaintiff,

v.

WILLIAM C. LONG,

    Defendant.
    _____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Plaintiff Ronald Robert Garcia's ("Plaintiff") Complaint filed pursuant to 42 U.S.C. § 1983 ("Complaint") ECF No. [1]. Because Plaintiff is a prisoner whose Complaint "seeks redress form a governmental entity or officer or employee [thereof]," he is subject to the screening provisions of 28 U.S.C. § 1915A. The Court has carefully reviewed the Complaint, the applicable law, and is otherwise fully advised. For reasons set forth below, the Complaint is dismissed without prejudice.

### I.    FACTUAL ALLEGATIONS

Plaintiff brings this civil rights action against Assistant State Attorney William C. Long ("Defendant") alleging claims of malicious prosecution, due process violations, forgery, and outrageous conduct. ECF No. [1] at 1, 3. Plaintiff states that he was criminally charged in the Nineteenth Judicial Circuit Court in St. Lucie County with three counts: (1) burglary with battery or assault, (2) battery on the elderly, and (3) misdemeanor battery. *Id.* at 2. On March 10, 2021, Plaintiff represented himself in a in a single-day jury trial on the three counts. *Id.* Plaintiff states that five minutes before the trial began, Defendant filed several motions *in limine* that excluded "all of [Plaintiff's] direct evidence." *Id.* at 3 (alteration added). Plaintiff alleges that the jury

acquitted him of the two felonies, burglary with battery or assault and battery on the elderly, but determined he was guilty of misdemeanor battery. *Id.* at 2. Plaintiff states that he asked for a copy of the verdict form and was told he would receive one when he returned to court for sentencing. *Id.* at 3.

At the March 12, 2021 sentencing, Plaintiff "was handed a verdict form stating [he] was convicted of battery on the elderly, a forged verdict form[,]" and he was subsequently sentenced to sixty months in prison. *Id.* (alteration added). Plaintiff alleges that Defendant forged a copy of the verdict form. *Id.* Plaintiff has "since been illegally detained" and is serving the sixty-month sentence. *Id.* Plaintiff alleges that as a direct result of the stress Defendant has caused by forcing Plaintiff to prove his innocence to a jury without any of his evidence and the forged verdict form, on May 21, 2021, he suffered a "massive heart attack." *Id.* Plaintiff states he was left in a cell for seven hours while in "full cardiac arrest" and suffered damage to his left side, hands, and loss of feeling and numbness. *Id.* at 2. Plaintiff now seeks compensatory damages for "mental, loss of liberty, physical injuries, humiliation" and punitive damages. *Id.*

## II. STANDARD OF REVIEW

"Under § 1915A, the district court is required to . . . dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from an immune defendant." *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam) (alteration added). The same standards govern dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and dismissal for failure to state a claim under § 1915A(b)(1). *Compare Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (holding that Rule 12(b)(6) standards apply to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii)), *with Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001) (per curiam) (noting that § 1915A(b)(1)'s screening provisions mirror those in § 1915(e)(2)(B)). Thus, under

§ 1915A(b)(1), a court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under § 1915A(b)(1), a court may also dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." A "frivolous" action is one that "is without arguable merit either in law or fact." *United States v. Walker*, No. 20-10912, 2020 WL 5506392, at *1 (11th Cir. Aug. 25, 2020) (per curiam) (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

Although the district court must construe a *pro se* pleading "liberally," *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008), "this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings[.]" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276-77 (11th Cir. 2008) (per curiam) (citations omitted).

**III.    DISCUSSION**

Plaintiff's Complaint is due to be dismissed for several reasons. First, Plaintiff's malicious prosecution claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87 (footnote omitted). Thus, under *Heck*, if a judgment in favor of the plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence . . . the district court must dismiss the complaint, unless the plaintiff can show that the conviction or sentence has" otherwise been overturned or called into question. *Salas v. Pierce*, 297

F. App'x 874, 876 (11th Cir. 2008) (citation omitted) (concluding "the district court properly found that *Heck* barred [plaintiff's] claim against the Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty because [plaintiff] ha[d] not alleged that his sentence or conviction has been reversed on appeal, and a judgment in favor of [plaintiff] would necessarily call into question the validity of his guilty plea and his underlying conviction.")

Construing the Complaint liberally, as afforded to *pro se* litigants, Plaintiff raises a malicious prosecution claim for the following charges: (1) burglary with battery or assault, (2) and battery on the elderly charges. Plaintiff alleges that, despite the jury acquitting him of both charges, Defendant forged the verdict form to read that Plaintiff was adjudicated guilty. ECF No. [1] at 3. However, because Plaintiff has failed to demonstrate that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus, his malicious prosecution is barred by *Heck*. Indeed, a judgment in favor of the malicious prosecution claim will certainly call into question Plaintiff's purportedly unconstitutional conviction and sentence.

Next, as to Plaintiff's claim that Defendant violated his due process rights during the course of trial, these claims are also due to be dismissed because Defendant is entitled to absolute immunity. The Eleventh Circuit has stressed that, "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citation omitted). "Such absolute immunity extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (quotation omitted); *see also Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (holding that prosecutor who proffered perjured testimony and fabricated exhibits at trial was still entitled to absolute immunity); *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (extending immunity to prosecutors accused of "filing an information without investigation, filing charges without

jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate [criminal defendant's] complaints about the prison system, threatening [the criminal defendant] with further criminal prosecutions, and attempting to persuade [the criminal defendant] not to sue state officials in return for parole").

Plaintiff has failed to adduce any facts to suggest that Defendant was acting outside his role as Assistant State Attorney. Rather, Plaintiff seeks to hold Defendant liable for malicious prosecution for conduct falling squarely within his role as Assistant State Attorney—i.e., filing motions *in limine* which excluded Plaintiff's evidence. Accordingly, based on the facts alleged, Defendant is entitled to immunity. *See Hendrickson v. Cervone*, No. 14-cv-179-MW/GRJ, 2015 WL 925517, at *5 (N.D. Fla. Mar. 3, 2015) (adopting report and recommendation finding state prosecutor acting within his role as advocate was entitled to prosecutorial immunity).

Finally, to the extent that the Complaint raises state law claims of "forgery" and "outrageous conduct" against Defendant, the Court lacks independent subject matter jurisdiction over these claims because Plaintiff alleges that both he and Defendant are Florida residents. ECF No. [1] at 1. *See* 28 U.S.C. § 1332; *see also First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) ("For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999))).

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED** without prejudice. The Clerk of Court is directed to mark the case as **CLOSED**, and any pending motions are **DENIED** as moot.

Case No. 21-cv-14285-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 19, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Ronald Robert Garcia, *Pro Se*
K83829
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034